Michael A. Telesca, S.
In this proceeding brought by the Public Administrator to determine the distribution of a wrongful death settlement, the issue is whether illegitimate children can take a proportionate share of the settlement when such distribution would, in fact, diminish the shares of the legitimate children.
A hearing on the matter revealed the following facts. Decedent died as the result of injuries sustained in an automobile accident on August 8, 1970. He was 37 years of age and in apparent good health on the date of his death. Settlement was brought about by the Public Administrator on April 6, 1972, pursuant to an order granted by the Hon. Richard Rosenbaum, then Supreme Court Justice. The total recovery of $7,000 con-' stitutes decedent’s entire estate.
The decedent, Antonio Flores, was married to Dolores Flores in Puerto Rico, and three children were born of that marriage, to wit: Juan Flores, Rosa Maria Flores and Antonio Flores. That marriage ended in divorce in Puerto Rico. He then lived with one Dominga Caban, and two children were born of that relationship, to wit: Armelia Flores and Julio Flores. Thereafter, he lived with one Christina Almedina, and was residing with her at the time of his death and fathered three more children, to wit: Hector Flores, Luis Flores and Jesus Flores. He was not married to either Dominga Caban or to Christina Almedina, nor were the children ever legitimized. All of the children were given decedent’s surname “ Flores ” and proof further revealed that he acknowledged being their father and supported all of them in various amounts during his lifetime.
In this proceeding, it is the contention of the guardian ad litem of the legitimate children that pursuant to EPTL 4-1.2 (subd. [a], pars. [2], [3]) only they áre entitled to share in the proceeds of the wrongful death action to the exclusion of all illegitimate children. The guardian ad litem for the illegitimate children, however, correctly contends otherwise.
Both legitimate and illegitimate children have a right to the proceeds of an action for the wrongful death of either their father or their mother. (Levy v. Louisiana, 391 U. S. 68; Matter of Ortiz, 60 Misc 2d 756; Matter of Perez, 69 Misc 2d 538; Matter of Johnson, 75 Misc 2d 502.)
*483 The facts presented this court, however, pits not parent against children, but children against children. The conclusion that each of the children (legitimate or illegitimate) share in the proceeds of the wrongful death settlement does not, however, mean that they share equally. The share of each child is based on the period they might have reasonably looked to the decedent for his support. (Matter of Kaiser, 198 Misc. 582.)
Those cases which struck down as unconstitutional, statutes which deny children the right to participate in the distribution of the proceeds of an action for wrongful death, do not affect the manner in which each child’s proportionate share is determined. (Levy v. Louisiana, supra; Matter of Johnson, supra; Matter of Perez, supra.) The fact that it is constitutionally offensive for a State to bar an illegitimate infant from recovering for the wrongful death of his parent, does not a fortiori mean that this equal right to all children means equal distribution of the proceeds.
Accordingly, the court finds that the balance of the settlement remaining should be distributed to all eight children of the decedent in accordance with the formula contained in Matter of Kaiser (198 Misc. 582).