William J. Regan, S.
The Public Administrator had petitioned to judicially settle his accounts subject to a determination by the court as to whether the respondent is the son and sole distributee of the decedent.
At . a hearing held by this court, the mother of the respondent testified that she entered into a ceremonial marriage with the decedent some time in October of 1952 in Toronto, Canada. This ceremony was performed by an alleged minister at an apartment building during a four-day stay by the parties. She testified further that upon their return to Buffalo, they discovered that the minister was in fact a fraud and that a marriage certificate had never been filed.
The respondent was born on April 29, 1953. The natural mother testified that she filed a complaint on August 11, 1953, with the Children’s Court, alleging that the decedent was the putative father of the respondent. An agreement pursuant to section 121 of article 8 of the Domestic Relations Law of the State of New York was entered into on September 12, 1955, between the Commissioner of Social Welfare and the decedent, with the consent and approval of the natural mother, providing that the decedent pay the sum of $2,000 in compromise and settlement of any and all claims.
The Children’s Court of Erie County by order of the Honorable Victor Wylegala entered on October 20, 1955, confirmed the offer of settlement and compromise as required by section 121 of the Domestic Relations Law. This order noted that the decedent had entered into an agreement "wherein the defendant admits paternity”. However, the Honorable Victor Wylegala in granting said order and approving said compromise, struck out the following language: "This Court did issue an *553 order declaring the defendant to be the father of the child”. The court therefore did not specifically declare the decedent herein to be the father of the respondent.
It is established that the Surrogate’s Court has power to declare the issue of a void or voidable marriage to be legitimate for purposes of inheritance. (Matter of Nevins, 12 NY2d 824.) The facts of the alleged marriage resulting in the birth of said child must be supported by detailed documentary evidence, such as certificate of marriage, license, etc., or creditable testimony that said ceremony actually occurred.
In the instant case the only evidence concerning the celebration of said marriage was the testimony of the natural mother. No supporting evidence was submitted either by public record or otherwise to substantiate or corroborate that the alleged ceremony actually took place. The court, based on the evidence submitted, finds that the respondent is not the issue of a void or voidable marriage and therefore is not legitimate for the purposes of inheritance.
EPTL 4-1.2 (subd [a]) permits inheritance from the putative father:
"(2) An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.
"(3) The existence of an agreement obligating the father to support the illegitimate child does not qualify such child or his issue to inherit from the father in the absence of an order of filiation made as prescribed by subparagraph (2)”.
There appear to be two separate requirements under this section. First, the order of filiation must be made during the lifetime of the father, and second, that the proceeding must have been instituted during the pregnancy of the mother or within two years from the date of the child’s birth. While the second requirement has been filled in the instant case, an order of filiation as such was not rendered during the lifetime of the father. The only order entered was the afore-mentioned order of the Hon. Victor Wylegala confirming the compromise and settlement of the agreement entered into between the Department of Social Welfare and the decedent, with approval of the natural mother.
*554 Counsel for respondent contend that the order of Judge Wylegala be construed as an order of filiation and therefore all the requirements of EPTL 4-1.2 have been fulfilled, permitting respondent to inherit.
Rights of illegitimates to share in the estates of their kin are expanding as evidenced by the recent amendment declaring that an illegitimate child is the distributee of his father in a wrongful death action regardless of whether an order of filiation has been filed. (EPTL 5-4.4, 5-4.5.)
The Court of Appeals, however, in Matter of Lalli (38 NY2d 77) held EPTL 4-1.2 constitutional and determined that the requirement of an order of filiation being entered is a rational means of determining rights of illegitimates to share in intestate succession. In Labine v Vincent (401 US 532) the Supreme Court held in effect that statutes which deny illegitimate children the same right to inherit as are allowed legitimate children do not violate the equal protection clause of the Fourteenth Amendment.
Although the order of Judge Wylegala is not technically an order of filiation, this court finds that in substance, and for all practical purposes, it is tantamount to an order of filiation.
The decedent herein admitted paternity and entered into an agreement compromising and settling any and all claims arising in connection with the support, education and maintenance of the respondent herein. The decedent could have denied paternity instead of admitting it and entered into the agreement of settlement to save embarrassment and protracted litigation. (Matter of ABC v XYZ, 50 Misc 2d 792.)
Surrogate Bennett held that where the putative father admitted in an executed agreement that he was the father, and where the court order confirmed the admission, the result of same was an order of filiation, and said child was found thereby a distributee of his father’s estate. (Matter of Anonymous, 60 Misc 2d 163.)
The guardian ad litem maintains that Matter of Anonymous is distinguishable from the instant case in that Judge Wylegala did not "in all respects confirm” the agreement of compromise, and also that the court specifically crossed out in the instant matter the language referring to a prior issuance of an order of paternity. Judge Wylegala’s order did in effect confirm in all respects the covenants of the agreement entered
*555 into by the parties and further provided for the disposition of the proceeds of said settlement. The striking of wording to the effect that a prior order declaring the defendant to be the father substantiates the conclusion of paternity considering that no prior order was in fact ever entered. This court finds that the inference to be drawn from the order of Judge Wylegala must be in favor of the respondent, especially in view of the legal and social acceptance and expansion of the rights of illegitimates. (Levy v Louisiana, 391 US 68 [right to share in wrongful death recoveries]; Glona v American Guar. Co., 391 US 73 [ditto, wrongful death recoveries]; Willis v Prudential Ins. Co., 405 US 318 [right to share in insurance policies]; Stanley v Illinois, 405 US 645 [putative father’s right to notice and custody]; Weber v Aetna Cas. & Sur. Co., 406 US 164 [right to share in workmen’s compensation awards]; Gomez v Perez, 409 US 535 [right to compel support from putative father]; Richardson v Davis, 409 US 1069 [right to Social Security benefits]; New Jersey Welfare Rights Organization v Cahill, 411 US 619 [right to share in wholly State supported welfare program]; Jiminez v Weinberger, 417 US 628 [right to share in Social Security disability benefits]).
The guardian ad litem argues further that the fact that the order of Judge Wylegala was not forwarded to the Commissioner of Health as mandated by subdivision 3 of section 127 of the Domestic Relations Law, now section 543 of the Family Court Act, indicates that the order is not in fact an order of filiation. The failure to forward said order is not in this court’s opinion determinative of the legal effect of said order.
It is the decision of this court therefore that the order of Judge Wylegala dated October 20, 1955 is in substantial compliance with the requirement of EPTL 4-1.2 (subd [a]) and is an order of filiation for said purposes, declaring paternity of the respondent herein. The respondent is therefore a distributee of the decedent and entitled to inherit from him pursuant to said provision of law.
Petitioner is directed to submit an order in accordance with this opinion, subject only to the determination and allowance of fees. This matter is hereby placed on our calendar for February 24, 1977, at 10:15 A. m. for the purpose of fixing and determining said fees.