William J. Regan, S.
The deceased, David M. Murray, died intestate on August 13, 1975, leaving him surviving his mother, Elaine Clark, and an out-of-wedlock son, David M. Murray, Jr. Said deceased was not married at the time of his death. Limited letters of coadministration were issued to Elaine Clark, mother of the deceased, and Jean Murray as guardian of David M. Murray, Jr., on August 21, 1975. It was conceded by the parties in this proceeding that no order of filiation declaring paternity was ever entered by any court concerning said David M. Murray, Jr. On June 17, 1977, a proceeding was instituted in this court to obtain approval of a settlement that was negotiated by the coadministrators of the estate of the deceased for the wrongful death of said deceased. Inasmuch as an allocation for conscious pain and suffering was required, the rights of the mother of the deceased as his sole distributee, and the rights of the out-of-wedlock son of the deceased, had to be considered. EPTL 4-1.2 (subd [a]) permits inheritance from a putative father under the following circumstances: "(2) An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child. (3) The existence of an agreement obligating the father to support the illegitimate child does not qualify such child or his issue to inherit *853 from the father in the absence of an order of filiation made as prescribed by subparagraph (2).”
As stated in an earlier decision of this court, Matter of Kennedy (89 Misc 2d 551, 554), under date of February 17, 1977: "Rights of illegitimates to share in the estates of their kin are expanding as evidenced by the recent amendment declaring that an illegitimate child is the distributee of his father in a wrongful death action regardless of whether an order of filiation has been filed. (EPTL 5-4.4, 5-4.5.) The Court of Appeals, however, in the Matter of Lalli (38 NY 2d 77) held EPTL 4-1.2 constitutional and determined that the requirement of an order of filiation being entered is a rational means of determining rights of illegitimates to share in intestate succession. In Labine v Vincent (401 US 532), the Supreme Court held in effect that statutes which deny illegitimate children the same right to inherit as are allowed legitimate children do not violate the equal protection clause of the Fourteenth Amendment.”
The court referred to recent decisions touching upon the rights of illegitimate children, and cited particularly the following cases: Levy v Louisiana (391 US 68 [right to share in wrongful death recoveries]); Glona v American Guar. Co. (391 US 73 [ditto, wrongful death recoveries]); Willis v Prudential Ins. Co. (405 US 318 [right to share in insurance policies]); Stanley v Illinois (405 US 645 [putative father’s right to notice and custody]); Weber v Aetna Cas. & Sur. Co. (406 US 164 [right to share in workmen’s compensation awards]); Gomez v Perez (409 US 535 [right to compel support from putative father]); Richardson v Davis (409 US 1069 [right to Social Security benefits]); New Jersey Welfare Rights Organization v Cahill (411 US 619 [right to share in wholly State supported welfare program]); Jiminez v Weinberger (417 US 628 [right to share in Social Security disability benefits]).
Shortly after the Kennedy (89 Misc 2d 551, supra) decision, the Supreme Court of the United States on April 26, 1977, held in Trimble v Gordon (430 US 762) that section 12 of the Illinois Probate Act which allowed children born out of wedlock to inherit by intestate succession only from their mothers, although children born in wedlock may inherit by intestate succession from both their mothers and fathers, denies equal protection to children born out of wedlock. The possible application of this decision to the case at bar was discussed at length. The various cases cited in the Kennedy *854 decision, (89 Misc 2d 551, supra), particularly Labine v Vincent, (401 US 532, supra) were further analyzed in the Trimble (430 US 762, supra) decision. The impact of this decision on the constitutionality of EPTL 4-1.2 (subd [a]) is mentioned in this proceeding for the purpose of clarifying the question of constitutionality that has been raised in various prior proceedings. Surrogates in the State of New York have apparently rendered inconsistent opinions. A careful analysis of the Trimble decision does not alter the opinion consistently taken by this court as to the constitutionality of EPTL 4-1.2 (subd [a]). That portion of the Illinois Probate Act struck down by the United States Supreme Court contains no provision whatsoever which would permit illegitimate children to inherit from their natural fathers. The case at bar is readily distinguishable. EPTL 4-1.2 (subd [a]) does grant to an illegitimate child inheritance rights from his natural father. The only requirement is the filiation order as set forth in the section. Such requirement is not so unreasonable as to deny to children born out of wedlock the same protection that is granted to children born in wedlock.
It is accordingly the decision of this court that, although the out-of-wedlock son receives the substantial part of the proceeds attributable to the wrongful death of the deceased, he cannot share in that portion of the proceeds allocated to conscious pain and suffering, which is payable to the estate.