OPINION OF THE COURT
Jones, J.
This case is now before us on remand from the Supreme Court of the United States for further consideration in the light of Trimble v Gordon (430 US 762). We adhere to our previous decision (38 NY2d 77).
At the outset we observe that the standard to be applied in our review, while "less than strictest scrutiny”, is nonetheless "not a toothless one” (perhaps in the sense that it would be a "toothless” standard if it could be satisfied by a mere finding of some remote rational relationship between the statute and a legitimate State purpose) (430 US 762, 767).
We find the Illinois statute which was before the court in Trimble significantly and determinatively different from the New York statute. Under the former the right of an illegitimate child to inherit from his father depended not only on proof, by way of the father’s acknowledgment, of the fact of paternity, but on proof as well that the parents had intermarried (111 Rev Stat, ch 3, § 12 [1961]; cf. Ill Rev Stat, ch 3, § 2-2 *68 [1976-1977 Supp]). By contrast, under our New York statute the right to inherit depends only on proof that a court of competent jurisdiction has made an order of filiation declaring paternity during the lifetime of the father. (EPTL 4-1.2, subd [a], par [2]).[1]
In our analysis the Illinois statute focuses on a requirement that the family relationship be "legitimatized” by the subsequent marriage of the parents. Thus, there was a manifested and impermissible hostility to illegitimacy as such, unrelieved even if there were no doubt whatsoever as to paternity.[2] The Supreme Court held unacceptable such a statutory provision which penalized children born of an "illegitimate relationship” between their parents—concluding that the sins of the parents are not to be visited upon their children. There is nothing similar in our statute; it is concerned only with proof of paternity and the establishment of a blood relationship between the father and the child.
In another aspect we note that even with respect to the issue of paternity there is a different emphasis in the two statutes. Illinois requires in a conclusory form only that the child be "acknowledged by the father as the father’s child”. New York, on the other hand, is evidently concerned not only with the fact of paternity but with the form and manner, and thus the availability, of its proof, i.e., by order of filiation.
The Supreme Court explicitly recognized the inherently more difficult problems of proof of paternity than of maternity and acknowledged that the States have a legitimate interest in making provision for the orderly settlement of estates and the dependability of titles to property passing under intestacy laws (430 US, at p 771). "The orderly disposition of property at death requires an appropriate legal framework, the structuring of which is a matter particularly within the competence of *69 the individual States. In exercising this responsibility, a State necessarily must enact laws governing both the procedure and substance of intestate succession. Absent infringement of a constitutional right, the federal courts have no role here, and, even when constitutional violations are alleged, those courts should accord substantial deference to a State’s statutory scheme of inheritance.”
The issue here appears to turn, then, on whether a State may constitutionally require as proof of paternity a judicial determination made during the lifetime of the father. We find nothing in Trimble which forecloses this possibility; specifically we do not, as appellant would have us, read footnote 14 at page 772 as forbidding such a requirement. The preference for judicial determinations with respect to title to real property has a long and respected history and provides an available record. In effect our statute requires that the determination of paternity be made in the formality of a judicial proceeding in consequence of which there will follow an order of filiation and a permanent, accessible record. If a father is prepared to execute a formal acknowledgment of paternity (a prerequisite which appears clearly to be acceptable to the Supreme Court), obtaining an order of filiation will not be burdensome. Nor do we perceive the seeds of constitutional infirmity in the requirement that the judicial determination be made within the lifetime of the father. As we noted before, the father "may be expected to have greater personal knowledge than anyone else, save possibly the mother, of the fact or likelihood that he was indeed the natural father. His availability should be a substantial factor contributing to the reliability of the fact-finding process.” (38 NY2d, at p 82.) Indeed a formal acknowledgment of paternity, apparently found in Trimble to be an acceptable requirement, obviously entails personal participation by the father during his lifetime.
Finally, we would merely note, if Trimble is to be read as inviting exploration of the intent of the Legislature in adopting the particular statute, that research of counsel as well as our own has disclosed no relevant materials with respect to the enactment of EPTL 4-1.2 (subd [a], par [2]). We could speculate as to the details of legislative intentions, and so could others. To us it is clear, even in the absence of specific legislative materials, that this statute serves a legitimate State purpose—in the language of Trimble, to make provision for "the orderly settlement of estates and the de *70 pendability of titles to property passing under intestacy laws” (430 US 762, 771, supra). We know of nothing, and there is nothing in the record, to suggest that our statute was intended as a moral, ethical or social disparagement of illegitimacy or was the product of proponents whose objective, even in small part, was to discourage illegitimacy, to mold human conduct or to set societal norms.
For the reasons stated we conclude that our statute meets the constitutional guidelines articulated in Trimble. Accordingly, the decree of Surrogate’s Court, Westchester County, should be affirmed, with costs.

. As we noted when this case was initially before us, inasmuch as we uphold that provision of the statute which forecloses this appellant’s claim to status as a distributee because no order of filiation was made during the lifetime of his father, we do not reach or consider the challenge to the separate clause of our statute which requires that the paternity proceeding have been instituted "during the pregnancy of the mother or within two years from the birth of the child” (EPTL 4-1.2, subd [a], par [2]; 38 NY2d, at p 80, n).

. We observe that this appears to have been the case in Trimble itself. A paternity order had been entered during the lifetime of the father finding Gordon to be the father of the child, Deta Mona (430 US, at p 764). On the facts there would have been no question but that Deta Mona would have been entitled to inherit from her father under the New York statute.