OPINION OF THE COURT
Bertram R. Gelfand, S.
Petitioner, by dint of being the guardian of the property of decedent’s and her nonmarital infant son, seeks letters of administration. Decedent’s mother opposes the application on the ground that since the provisions of EPTL 4-1.2 preclude the infant from inheriting from decedent in the absence of a court of competent jurisdiction having entered an order of filiation declaring decedent’s paternity of the infant, she, as *984 the decedent’s sole distributee, is the only person interested in this estate and, therefore, is entitled to the letters of administration.
The evidence adduced established that petitioner and decedent met in May of 1973. Later that year, they commenced cohabiting and from 1974 until decedent’s death on November 10, 1978, they lived together in an apartment which they rented on Watson Avenue, Bronx, New York. A son was born to petitioner on May 3, 1975. On the child’s original birth certificate, no one was listed as the father. On September 23, 1976, both decedent and petitioner executed a form provided by the Bureau of Vital Records, Department of Health, City of New York, for the purpose of having the decedent named as the father on a corrected birth certificate. Their signatures on this form were sworn to before a commissioner of deeds but the instrument did not contain an acknowledgment nor were their signatures witnessed. On November 1, 1976, a corrected birth certificate was executed which listed the decedent as the father of the child. .
Respondent did not place in issue that petitioner and decedent were the infant’s parents. However, it was also not disputed that petitioner and decedent were never married nor was any type of proceeding ever instituted or any order entered in a court which adjudicated the child’s paternity.
EPTL 4-1.2 (subd [a], par [2]), as of the date of decedent’s death, provided that an illegitimate child could inherit from his father only "if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.”
There is authority for the position that the two-year limitation in the statute for instituting a proceeding to obtain the order of filiation is unconstitutional (Matter of Harris, 98 Misc 2d 766; Matter of Angelis, 97 Misc 2d 1; Matter of Drayton, NYLJ, Feb. 14, 1978, p 14, col 5; see, also, Matter of Perez, 69 Misc 2d 538). However, it has been firmly established by decisions of both the highest court of this State and of the land, that a State may constitutionally "require as proof of paternity a judicial determination made during the lifetime of the father” before it will permit a nonmarital child to share in the intestate distribution of his father’s estate (Matter of *985 Lalli, 43 NY2d 65, 69, affd 439 US 259; see, also Matter of Fay, 44 NY2d 137).
In Matter of Lalli (supra) the father had supported his nonmarital child and when his son wished to be married while he was still a minor, the father in consenting to the marriage acknowledged paternity in a writing sworn to before a notary public (see Matter of Lalli, 38 NY2d 77, 79). The Court of Appeals in holding that the son, in the absence of a court order declaring paternity, was not a distributee who could inherit from his intestate father, stated: "In effect our statute requires that the determination of paternity be made in the formality of a judicial proceeding in consequence of which there will follow an order of filiation and a permanent, accessible record. If a father is prepared to execute a formal acknowledgment of paternity (a prerequisite which appears clearly to be acceptable to the Supreme Court), obtaining an order of filiation will not be burdensome. Nor do we perceive the seeds of constitutional infirmity in the requirement that the judicial determination be made within the lifetime of the father” (43 NY2d, at p 69).
In the case at bar, since there has been no judicial determination during decedent’s lifetime as to his paternity of the child, this court is constrained under the holding in Matter of Lalli (supra) to conclude that the infant is not a distributee who can inherit from decedent and therefore petitioner in her status as guardian of the infant’s property has no interest in this estate which would entitle her to receive letters of administration (see, also, Matter of Murray, 90 Misc 2d 852).
The court takes note that after this matter was tried and submitted for adjudication, chapter 139 of the Laws of 1979, amending EPTL 4-1.2, was enacted on May 29, 1979 to take effect immediately. This amendment to some extent liberalized the inheritance rights of nonmarital children from the paternal side of the family. The pertinent provisions of EPTL 4-1.2 (subd [a]) presently provide as follows:
"(2) An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father and his paternal kindred if:
"(A) a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within ten years from the birth of the child, or:
*986 "(B) the father of the child has signed an instrument acknowledging paternity, provided that
"(i) such instrument is acknowledged or executed or proved in the form required to entitle a deed to be recorded within ten years from the birth of the child in the presence of one or more witnesses and acknowledged by such witness or witnesses, in either case, before a notary public or other officer authorized to take proof of deeds and
"(ii) such instrument is filed within sixty days from the making thereof with the putative father registry established by the state department of social services pursuant to section three hundred seventy-two-c of the social services law, as added by chapter six hundred sixty-five of the laws of nineteen hundred seventy-six and
"(iii) the department of social services shall, within seven days of the filing of the instrument, send written notice by registered mail to the mother and other legal guardian of such child, notifying them that an acknowledgement of paternity instrument acknowledged or executed by such father has been duly filed.
"(3) The existence of an agreement obligating the father to support the illegimate child does not qualify such child or his issue to inherit from the father in the absence of an order of filiation made or acknowledgement of paternity as prescribed by subparagraph (2).”
The amended statute is of no solace to petitioner because the instrument which decedent executed relating to the corrected birth certificate was neither executed with the formalities required by this statute nor was it filed with the Putative Father Registry (prior to May 29, 1979 there was no provision for such a filing pursuant to EPTL 4-1.2). The amendment enacted by the Legislature has somewhat liberalized the statutory basis under which a nonmarital child can qualify to inherit from a father who dies intestate but it has not altered the necessity to strictly comply with the statute. The mandate of Matter of Lalli (43 NY2d 65, supra) that only by compliance with the explicit terms of the statute can a nonmarital child become a distributee of his father, even if paternity has been acknowledged in a sworn paper and circumstances suggest the decedent was in fact the father of the child, remains applicable. At this juncture, the extent to which even the present statute may require further amendment is a subject within the jurisdiction of the Legislature, not the courts.
*987 In any event, it does not appear that the Legislature intended to apply, or that it could have constitutionally applied, the amendment to the statute retroactively to the property of decedents dying prior to its effective date. Such distributive interests would have already indefeasibly vested in those entitled to a distributive interest in decedent’s property on the date of decedent’s death under the statutes existing on that date.
The petitioner does not indicate the existence of any claim for the wrongful death of decedent which would confer on the infant at least a possible interest limited to the wrongful death recovery (see EPTL 5-4.5; Levy v Louisiana, 391 US 68; Eckel v Hassan, 87 Misc 2d 1057, affd 61 AD2d 13; Matter of Johnson, 75 Misc 2d 502; Matter of Perez, 69 Misc 2d 538, supra; Matter of Ortiz, 60 Misc 2d 756; see, also, and cf. Matter of Thomas, 81 Misc 2d 891; and Matter of Ross, 67 Misc 2d 320).
It is determined that the infant of whom petitioner is guardian is not a distributee of decedent. Accordingly, petitioner does not possess the status to obtain letters of administration. The petition is dismissed and letters of administration shall issue to respondent upon her filing a petition requesting the same and duly qualifying according to law.