OPINION OF THE COURT
Bertram R. Gelfand, S.
In this proceeding for limited letters of administration, the petitioner is the guardian of the property of the decedent’s nonmarital child. The letters are sought for the limited purpose of instituting a cause of action for the decedent’s personal injuries and wrongful death. The petition and the papers submitted in support thereof indicate that decedent was also survived by a spouse from whom he was separated pursuant to a separation agreement dated November 17, 1969. Decedent died January 21, 1978. The date by which the commencement of any action for wrongful death would be *806 barred by the Statute of Limitations is threateningly close. Although the petition lists an address for the spouse, it appears that she no longer resides at this address and that despite due diligence it must be concluded that at this time she is a party whose whereabouts are unknown.
Under the present posture of the law the rather anomalous situation exists under which the infant is a distributee for one purpose, but not for others. The infant is a distributee of the decedent with regard to the wrongful death action but is not a distributee with regard to any personal injury action (cf. EPTL 5-4.5 with EPTL 4-1.2 and Lalli v Lalli, 439 US 259).
The question presented is whether petitioner, based on the circumscribed interest of her ward, is an appropriate party to receive the limited letters. In Matter of Thomas (81 Misc 2d 891) my learned colleague Surrogate Regan presented with a contest for letters between sibling distributees and a nonmarital child with an interest in an action for wrongful death, awarded letters to a sibling. Faced with a contest between a distributee pursuant to EPTL 4-1.1 and a nonmarital child, this court would be inclined to subscribe to this result if there was nothing involved other than just an action for wrongful death. This does not mean that in appropriate circumstances the court lacks the power to award limited letters to a nonmarital child or that child’s legal representative (see Matter of Ross, 67 Misc 2d 320, 323).
In the instant matter there does not appear to be any other person present who could conceivably have a direct interest in this estate who seeks to undertake the burdens of the fiduciary. It would appear that petitioner is the legal representative of a party who at the very least would have a substantial interest, if not a total interest, in any recovery for wrongful death. The moment when the Statute of Limitations will bar any action for wrongful death has almost arrived. Petitioner has already apparently retained eminent counsel who it must be assumed at this juncture has become sufficiently familiar with the matter so as to be prepared to proceed expeditiously with instituting an action before the Statute of Limitations is a bar. Regardless of the limited interest of her ward, petitioner, upon becoming the fiduciary assumes the burden of fairly representing all parties who may have an interest in the causes of action for both wrongful death and personal injuries. Accordingly, the fiduciary must pursue both with equal zeal. It is noted that the papers submitted suggest a one- *807 day period of survival with serious injuries between the date of accident and the date of death. The extent to which this might sustain a recovery for personal injuries is problematical based upon the limited information before the court. It is not a problem that can appropriately be determined with finality at this time. If the issues do not result in a judgment after litigation with reference to the respective causes of action then the division of any settlement fund between wrongful death and personal injuries must await proceedings before this court to settle the account of the fiduciary in which all parties who might be affected by the determinations of that issue will have an opportunity to be heard. Fundamental due process requires that all parties in interest be given an opportunity to be heard in an appropriate proceeding before issues affecting their respective rights are determined with finality.
Accordingly, the application is granted and limited letters of administration shall issue to petitioner upon her duly qualifying according to law. The decree granting the letters shall contain a provision directing that in the proceeding for the judicial settlement of the account process shall issue and be served upon the spouse and such other person or persons who would be decedent’s distributees in the event the spouse predeceased or for any reason is disqualified from being a distributee (SCPA 1003, subd 4).