OPINION OF THE COURT
Millard L. Midonick, J.
In this proceeding for letters of administration by the guardian of an infant alleged to be the out-of-wedlock child of the decedent, a cross petition for letters of administration has been filed by the mother of the deceased.
The decedent, who was 23 years of age, died as a result of the injuries he sustained when he was struck by a hit and run motor vehicle. The wrongful death action is the sole asset of the estate. A hearing was conducted before a Law Assistant-Referee. Proof adduced at the hearing established that the decedent was unmarried and was survived by his mother and father as well as his putative child.
Evidence submitted with respect to the out-of-wedlock infant’s paternity was inconclusive; more importantly it was not formal. The law had been that absent an order of filiation establishing paternity made by a court of competent jurisdiction, a child born out of wedlock is not a distributee of the deceased father and therefore not entitled to letters of administration. (Matter of Thomas, 81 Misc 2d 891; EPTL 4-1.2.) A decision of the United States Supreme Court, Lalli v Lalli (439 US 259) determined that such out-of-wedlock children are not entitled to an accounting of their putative father’s intestate estate, if precluded by State statute. That statute, EPTL 4-1.2, was held not violative of the equal protection clause of the Fourteenth Amendment.
This decedent’s putative child was born on July 9, 1974, but the absence of formality of proof of paternity within two years of birth is not at issue here because no such formality of proof has ever been established during the lifetime of the decedent father. In Lalli (supra) an order of filiation had never been entered against the deceased putative father. The Supreme Court of the United States and the New York State Court of Appeals, both when the case appeared before it originally and on remand from the United States Supreme Court, particularly noted that they were passing only on the constitutionality of EPTL 4-1.2 to the extent that it required an order of *819 filiation during the lifetime of the father and that they were not passing upon the constitutionality of the two-year limitation contained in the statute. (Lalli v Lalli, supra, at p 267, n 5; Matter of Lalli, 43 NY2d 65, 38 NY2d 77.) There is no question but that the two-year limitation would have been unconstitutional if formal establishment of paternity had been made later than two years from birth, but no such formality had ever been established in this court during the lifetime of the father.
The result in Lalli (supra) adversely affecting out-of-wedlock children in estate administration on the basis of a 5 to 4 decision of the United States Supreme Court, was thereafter modified by the Legislature of New York. EPTL 4-1.2 was amended effective May 29, 1979 (L 1979, ch 139) to provide that for purposes of inheritance by an out-of-wedlock child from its natural father and kindred, or inheritance by a natural father from his out-of-wedlock child, paternity may be established without formal court proceedings by the father’s executing and recording a properly acknowledged instrument of paternity (on notice to the mother who may oppose). At the hearing the infant’s guardian did not present any proof of the execution or filing of any acknowledgment of paternity by the alleged natural father.
The attorney for petitioner guardian of the infant was given until July 30, 1979 to submit memoranda of law. The attorney has not filed any memorandum of law.
Upon all of the foregoing facts and applicable law, the court dismisses the application for letters of administration by the guardian of the infant alleged to be the son of the decedent, and grants the cross petition of the mother of decedent for letters of administration. An out-of-wedlock child not formally acknowledged or adjudged to be a child of a decedent, such child being precluded from demanding an accounting of the intestate estate of the putative father (Lalli v Lalli, supra), by the same reasoning cannot demand letters of administration in the putative father’s estate.
Nothing herein shall be considered an adjudication of the rights of the infant in any accounting of the wrongful death action. Therefore, this infant shall be made a party to any proceeding to settle, compromise and account for the wrongful death proceeds. Wrongful death proceeds do not pass through the estate, but redound directly to those persons who are found to have been supported by the decedent or are *820 entitled to or can expect support by the decedent, and have therefore been deprived by reason of the wrongful death of the decedent. Such is the nexus which connects the decedent father and his out-of-wedlock child even without any formal indication of paternity (Matter of Murray, 90 Misc 2d 852; cf. Levy v Louisiana, 391 US 68, holding to the same effect for such a child in the wrongful death of a mother), but not for intestate inheritance purposes. Thus is preserved "the orderly settlement of estates and the dependability of titles to [real] property passing under intestacy laws”. (Matter of Lalli, 43 NY2d 65, 67, 69-70, supra; Lalli v Lalli, 439 US 259, 268, supra.) Wrongful death awards are never in the form of real property.