OPINION OF THE COURT
Bertram R. Gelfand, J.
In this petition for letters of administration, petitioner is decedent’s mother. She lists herself and decedent’s father as the sole distributees of the estate. However, it is also noted that decedent was survived by three infant nonmarital children. The sole purpose for which the letters are sought is to institute an action for wrongful death. There is no allegation that there exists a cause of action for personal injuries arising from the automobile accident which occurred on October 16, 1979 and resulted in decedent’s death on the same day. The father has executed a renunciation of letters and a waiver of process. Petitioner seeks the issuance of the letters without serving process upon the nonmarital infant children.
Under the provisions of EPTL 4-1.2 (as amd by L 1979, ch 139, elf May 29, 1979), nonmarital children are distributees of their fathers for all purposes if pursuant to the requirements of the statute, either an order of filiation declaring paternity has been entered in a court of competent jurisdiction or the father has signed an instrument acknowledging paternity. The petition does not indicate whether there exists such an order of filiation or acknowledged instrument. If either one of these documents does exist then decedent’s children, rather than his parents, would be his sole distributees (EPTL 4-1.1, subd [a], par [6]). Should the infants be the sole distributees, their fiduciary would be entitled to priority in the issuance of letters of administration (SCPA 1001, subd 2).
Moreover, regardless of whether the nonmarital children are distributees of their father for all purposes, they are clearly his distributees with regard to the wrongful death *3 action (EPTL 5-4.5). Here, the letters are sought solely for the purpose of instituting such an action. This court has previously held that the fiduciary of a nonmarital child may receive limited letters of administration for the purpose of instituting a wrongful death action when the whereabouts of any other distributees were unknown (Matter of Brown, 101 Misc 2d 805; cf. Matter of Thomas, 81 Misc 2d 891, granting letters to decedent’s siblings over a nonmarital child when there existed an action for wrongful death but the estate was also comprised of assets in which the nonmarital child had no interest).
My respected colleague, Surrogate Midonick, in a contest between the guardian of a nonmarital child and decedent’s mother, granted letters to the mother of the decedent (Matter of Diaz, 102 Misc 2d 817). However, it is noted that in that estate, the court found that the (p 818) "[EJvidence submitted with respect to the out-of-wedlock infant’s paternity was inconclusive.” In the instant matter petitioner, in her petition, has made what is tantamount to an admission against interest. She has alleged that as a matter of fact, the infants are issue of decedent. Under these circumstances, it is concluded that due process dictates that the nonmarital infants, as alleged distributees at least of a recovery for wrongful death, are necessary parties to a proceeding seeking limited letters of administration for the sole purpose of prosecuting a cause of action for wrongful death.
Accordingly, petitioner is directed to serve process upon the nonmarital children by the procedures provided by law relative to serving process on a party in interest who is under the disability of infancy (see CPLR 309, subd [a]).