◼ In the Matter of the Estate of RONALD J. NILES, Deceased. HAROLD NILES, SR., as Administrator of the Estate of RONALD J. NILES, Deceased, et al., Appellants; JOANNE M. BENINATI et al., Respondents.—Appeal from a decree of the Surrogate's Court of Rensselaer County, entered August 6, 1975, which decreed that infant respondent Jill Marie Beninati was the sole distributee of decedent Ronald J. Niles and, therefore, entitled to receive the net proceeds of the settlement of the action for his wrongful death. On August 22, 1970, Ronald J. Niles was fatally injured in an automobile accident. Thereafter, his father, appellant Harold Niles, Sr., commenced an action as administrator of his son's estate to recover damages for his wrongful death and, on August 13, 1974, petitioned the Surrogate's Court of Rensselaer County for permission to compromise and settle the action for the sum of $7,000. Prior to this petition, however, the infant respondent Jill Marie Beninati, who was born on January 17, 1970, petitioned the Surrogate by her duly appointed Law Guardian for a declaration that she was the sole heir of decedent and, accordingly, the only distributee of his estate. In support of her claim, she alleged that, on August 18, 1969, decedent admitted being her father before Judge Marcus J. Filley at a hearing on a paternity petition brought by her then pregnant mother, respondent Joanne Marie Beninati, in Rensselaer County Family Court. At the conclusion of the hearing, Judge Filley made a factual determination that decedent was the father of the as yet unborn infant respondent, but adjourned the matter to await the birth of the child without formally granting an order of filiation. Subsequently, he did sign such an order on September 2, 1970, and, on December 20, 1973, Judge Allan Dixon of the Rensselaer County Family Court signed a further order of filiation which adjudged decedent to be the father of the infant respondent *nunc pro tunc* as of January 17, 1970. The two proceedings in Surrogate's Court came on to be heard on October 2, 1974, and Judge Filley appeared as a witness and confirmed the factual allegations set forth above relating to the Family Court proceedings before him. By decision dated April 15, 1975, the Acting Surrogate then ruled that the infant respondent was the sole distributee of decedent, even though no order of filiation had been made during decedent's lifetime as required by EPTL 4-1.2 (subd [a], par [2]), because a factual determination regarding the infant's parentage had been made by a court of competent jurisdiction prior to decedent's death. This appeal ensued. We hold that the decree of the Acting Surrogate must be affirmed. In so ruling, we recognize that, technically, there was an absence of compliance with the statute in question in that no order of filiation was made prior to decedent's death. However, there can likewise be no dispute that decedent was available during the fact-finding process and personally and willingly participated in the Family Court hearing at which he freely admitted being the father of the as yet unborn infant. Such being the case, the purpose and intent of the statute, as only recently enunciated by the Court of Appeals in *Matter of Lalli* (38 NY2d 77) were plainly effectuated here, and all that remained to be done following the August 18, 1969 hearing was the purely ministerial act of signing the order of filiation after the birth of the child. Under these circumstances, we find that there was sufficient evidence to establish the fact of decedent's fatherhood and that there was substantial compliance with EPTL 4-1.2 (subd [a], par [2]). (See EPTL 5-4.5, effective July 1, 1975 which, among other things, eliminates the necessity of obtaining an order of filiation before an illegitimate can recover the proceeds of an action for the

wrongful death of his father.) Decree affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.