Millard L. Midonick, S.
In this accounting proceeding by the Public Administrator, objections have been filed on behalf of Kevin Thomas, an alleged son of the decedent.
At a hearing before a Law Assistant-Referee, the mother of the child testified that she was not married to decedent, that she lived with the decedent for a period of time, and that decedent was the father of the objectant Kevin Thomas, who was born in December, 1962. Objectant introduced in evidence an order of filiation and support with respect to Kevin Thomas made by the Family Court and dated February 19, 1969. This order states that it was made on consent and declares that the respondent therein, Clarence Thomas, is the father of the child Kevin. The petition in that proceeding was dated January 31, 1969 over six years after the birth of the child.
EPTL 4-1.2 (subd [a], par [2]) permits inheritance from the putative father "if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.”
*1034 There appear to be two separate requirements for inheritance under this section. First, the order of filiation must- be made during the lifetime of the father, and second, the proceeding must have been instituted during the pregnancy of the mother or within two years from the child’s birth. While the first requirement has been filled in the instant case, the paternity proceeding was not instituted within the applicable time period.
The issue is whether a filiation order entered pursuant to a proceeding instituted more than two years after the birth of the child is effective to legitimatize the child for the purpose of inheriting from the putative father’s estate.
The Fourth Report of the Temporary State Commission on the Law of Estates (NY Legis Doc, 1965, No 19, p 201) which concerned the recommendation of this statute pointed out that: "A further safeguard is to be found in the statute of limitations recommended which bars a suit to establish heir-ship not brought within two years after the birth of the child. The two year period is currently prescribed by § 517 of the Family Court Act in paternity proceedings. The statute of limitations will not apply to voluntary acknowledgments.” This two-year period in which to commence the paternity proceeding is a Statute of Limitations which is therefore a defense which may or may not be availed of by the putative father (Matter of Flemm, 85 Misc 2d 855).
In Matter of Bell (NYLJ, Nov. 10, 1969, p 17, col 1) orders of filiation were made with respect to four children by the Family Court in 1966, some nine years after their birth. The order stated in each instance that the putative father "admitted” paternity. The father died in 1969 and Surrogate Sobel determined that these children were distributees of the father’s estate and granted letters of administration to their guardian. The Surrogate stated that: "The 2-year period being a statute of limitations, it may be lost by failure to invoke or voluntarily relinquished. In this case the failure of the putative father to plead the statute and his voluntary admission of paternity in the Family Court proceedings constituted both a waiver and relinquishment.”
This court is of the opinion that since decedent, during his life, consented to the entry of the order declaring him to be the father of the objectant, the objectant is entitled to share in his estate as a distributee. The defense that the paternity proceeding was not instituted within the applicable time *1035 period was waived by the decedent and his admission of paternity recited in the order of filiation is binding upon his estate. It is noted that in the present case, as in Matter of Bell (supra), the decedent admitted paternity and an order of filiation, and not one merely for support, was entered.
Since the court determines that objectant is a distributee entitled to inherit in this estate, the contention by objectant that the two-year time limit contained in EPTL 4-1.2 is unconstitutional need not be determined. "Courts will not inquire into the constitutionality of an act of the legislature until a concrete case arises in which a decision of such question is unavoidable for the determination of the case itself.” (Hanrahan v Terminal Sta. Comm., 206 NY 494, 504.)
It is noted that the New York State Court of Appeals in Matter of Lalli (38 NY2d 77) upheld the constitutionality of this statute insofar as it requires that an order of filiation be made during the life of the father, but specifically refused to consider the constitutionality of the two-year requirement since the precise issue was not before the court. It is further noted that in Matter of Perez (69 Misc 2d 538) this court held that the New York statute, which denies recovery to an out-of-wedlock minor for the wrongful death of his putative father where no order of filiation had been made before the father’s death, violates the equal protection clause of the Constitution. (See Holden v Alexander, 39 AD2d 476; Matter of Anonymous, 60 Misc 2d 163.) Likewise, in the present case, the unconstitutionality of the two-year provision in the statute could be a further basis for this court’s determination.
The objections filed on behalf of Kevin Thomas are sustained. There being no proof of the death of another child, Reginald Thomas, his share in the estate shall be deposited with the Finance Administrator of the City of New York.