OPINION OF THE COURT
Bertram R. Gelfand, S.
Petitioner upon this application for letters of administration is the guardian of the property of an infant who is the out-of-wedlock son of petitioner and decedent. Process has been served upon the father of the decedent and he has defaulted. The question presented is whether under the facts here present, petitioner’s ward has the status of a distributee of decedent’s estate so as to confer upon petitioner her right as his guardian to letters of administration.
The infant was born June 13, 1963. At that time his parents were living together. It appears that they continued to cohabit for many years thereafter. After the parents separated, an order of filiation and support was entered in the Family Court against the decedent on May 11, 1971. On the date of the order the infant was approximately eight years of age. It appears that thereafter decedent regularly made the ordered support payments, visited with his son, purchased clothing for him, gave him gifts, opened a small bank account for his benefit and named him as a beneficiary on a $2,000 life insurance policy. Decedent died on September 5, 1978.
Petitioner contends that the infant is either entitled to inherit from decedent under the existing provisions of EPTL 4-1.2 or alternatively, that if this statute is construed as an obstacle to the infant inheriting, to that extent the statute is violative of the equal protection clauses of the United States and New York Constitutions.
EPTL 4-1.2 (subd [a], par [2]) provides: "An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.”
*768 The decision of the United States Supreme Court on December 11, 1978 in Lalli v Lalli (439 US 259) did not reach the question here presented. In the Lalli case it was determined in a five to four decision, that as it related to the facts in that case, EPTL 4-1.2 did not violate the equal protection clause of the Fourteenth Amendment. In that matter an order of filiation had never been entered against the deceased putative father. The Supreme Court of the United States and the New York State Court of Appeals, both when the case appeared before it originally and on remand from the United States Supreme Court, particularly noted that they were only passing upon the constitutionality of EPTL 4-1.2 to the extent it required an order of filiation during the lifetime of the father and that they were not passing upon the constitutionality of the two-year limitation contained in the statute (Lalli v Lalli, supra; p 267, n 5; Matter of Lalli, 43 NY2d 65, 68, n 1; Matter of Lalli, 38 NY2d 77, 80; see, also, Matter of Fay, 44 NY2d 137).
The prohibition against the judiciary legislating dictates that ordinarily the courts give literal effect to unambiguous language (Meltzer v Koenigsberg, 302 NY 523, 525; Lawrence Constr. Corp. v State of New York, 293 NY 634). However, an overriding cardinal rule is that in applying statutes the court must effectuate the purpose and intent of the legislation. To carry out this function the courts have latitude in not blindly adhering to the literal language of a statute if such language fails to express the clear overriding purpose of the legislation (Abood v Hospital Ambulance Serv., 30 NY2d 295, 298, and cases cited therein; Matter of Hogan v Culkin, 18 NY2d 330, 335, and cases cited therein).
The legislative purpose in enacting EPTL 4-1.2 is both clear and explicit. It was enacted "to grant to illegitimates in so far as practicable rights of inheritance on a par with those enjoyed by legitimate children while protecting innocent adults and those rightfully interested in their estates from fraudulent claims of heirship and harassing litigation instituted by those seeking to establish themselves as illegitimate heirs.” (Fourth Report of Temporary State Comm on Modernization, Revision and Simplification of Law of Estates, NY Legis Doc, 1965, No. 1.8A, p 265.)
To effecutate the aforesaid legislative intent, the courts have followed a consistent pattern of allowing an illegitimate, whose relationship to his father has been estabished by a *769 filiation order, to inherit from his father no matter how long after birth the filiation order was entered, so long as it was entered during the lifetime of the father. This court’s research and review of the cases on a child’s right to inherit from his putative father does not reveal a single instance where the child was precluded by dint of EPTL 4-1.2 from inheriting, provided that during the father’s lifetime, a court had either entered an order of filiation or made a determination which was deemed the equivalent of an order of filiation (Matter of Angelis, 97 Misc 2d 1; Matter of Kennedy, 89 Misc 2d 551; Matter of Thomas, 87 Misc 2d 1033; Matter of Anonymous, 60 Misc 2d 163; Matter of Capuano, NYLJ, June 16, 1978, p 17, col 4; Matter of Drayton, NYLJ, Feb. 14, 1978, p 14, col 5; Matter of Nurse, NYLJ, Dec. 2, 1976, p 10, col 1; Matter of Bell, NYLJ, Nov. 10, 1969, p 17, col 1; see, also, Matter of Niles, 53 AD2d 983, app den 40 NY2d 809, interpreting the statute in a wrongful death action; and Matter of Abbati, NYLJ, Dec. 30, 1977, p 11, col 6, a case where no order of filiation or equivalent had ever been entered by any court).
In order to reach the result that would be most favorable to the child, different theories have been advanced. Some cases have held that if the father in a paternity proceeding permitted an order of filiation to be entered after the two-year limitation (see Family Ct Act, § 517, subd [a]), this constituted a waiver and relinquishment of not only the father’s right to rely upon the two-year limitation but also upon his death such waiver is binding upon any person who claims to be a distributee of his estate (Matter of Thomas, supra; Matter of Nurse, supra; Matter of Bell, supra). In other cases, the courts have found substantial compliance with the statute notwithstanding that an order of filiation was never entered in literal compliance with the statutory provisions (Matter of Niles, supra, order of filiation signed nunc pro tunc after the death of the father; Matter of Kennedy, supra, agreement by deceased father to make payment to Department of Social Welfare incorporated into an order of the Children’s Court deemed the equivalent of an order of filiation; Matter of Anonymous, supra, the admission of the father as to paternity in a Family Court proceeding which resulted in a support order was deemed the equivalent of an order of filiation; Matter of Capuano, supra, an order of filiation entered over five years after the child’s birth held to be substantial compliance with the statutory requirements; Matter of Abbati, su *770 pra, child’s parents living in "common-law relationship” for 34 years held to be substantial compliance with statutory requirements). The Supreme Court in Lalli (supra, pp 271-272), in passing upon the constitutionality of the statute, as applied to the facts therein, gave consideration to the liberal interpretation being given to the statute in favor of out-of-wedlock children by the courts of New York.
Clearly, this consistent pattern of judicial action in favor of the rights of children born out of wedlock, where the certainty of their relationship to the deceased father has been established, is consistent with the intent of the Legislature, whose primary concern was not to preclude a child born out of wedlock from inheriting from the actual father, but rather to immunize estates and the rights of parties having an interest therein from the unlimited hazards of parties coming forward and claiming paternity for the first time after the alleged father is deceased. If this were allowed, it would inevitably regularly impose upon legal representatives of decedents the impossible task of refuting allegations which the passage of time and the absence of decedent make virtually impossible to dispute. These problems necessarily do not exist in those situations such as the instant matter, where a filiation order has been entered during the lifetime of the father and he has had the opportunity to dispute paternity in an adverse proceeding in a court of competent jurisdiction.
Considering the consistent liberal interpretation afforded to EPTL 4-1.2 during the past decade in furtherance of the purpose of the statute to "grant to illegitimates in-so-far as possible rights of inheritance on a par with those enjoyed by legitimate children,” it must be presumed that the Legislature would have enacted appropriate remedial legislation if it believed that the construction being given to the existing statute by the judicial branch of government frustrated rather than furthered the original legislative intent.
It is further concluded that if the two-year portion of the statute were given literal and stringent effect it would be constitutionally defective. In addressing this issue, cognizance is given to the fact that in matters relating to inheritance the States in the exercise of their sovereign powers have broad latitude. The test of the constitutionality of statutes on this subject is whether the enactments of the Legislature on the subject bear a substantial relation to a permissible State *771 interest (Lalli v Lalli, supra, p 268, and cases cited therein). Even applying this liberal test in favor of constitutionality, the two-year limitation cannot be sustained.
I join the view set forth by my learned colleagues Surrogates Bennett and Midonick, that if a literal and stringent application of the two-year limitation stated in EPTL 4-1.2 were accepted, it would require a finding that this portion of the statute is constitutionally offensive to the right of the infant to equal protection of the law (Matter of Angelis, 97 Misc 2d 1, supra; Matter of Drayton, NYLJ, Feb. 14, 1978, p 14, col 5, supra; see, also, Matter of Perez, 69 Misc 2d 538, 543, commenting upon the constitutionality of the statute in a wrongful death action). Nothing contained in the subsequent decisions of the United States Supreme Court or the New York Court of Appeals in the Lalli case in any way impugns the validity of this view as to the unconstitutionality of the two-year portion of EPTL 4-1.2.
Further support for this conclusion is found in Trimble v Gordon (430 US 762). This holding clearly indicates that while the regulation of inheritance is a State function, the United States Constitution does not leave the authority of the States in this area unfettered. In Trimble v Gordon (supra), an Illinois statute that provided that a child born out of wedlock could inherit from his father only if the father had "acknowledged” the child and also married the child’s mother, was held to discriminate against illegitimate children in a manner prohibited by the equal protection clause. Under that statute a child born out of wedlock was conclusively barred from ever inheriting from his father, except by will, unless the child were legitimatized by the subsequent marriage of his parents. Obviously, the New York statute crucially differs from the Illinois statute in that there is no requirement that the parents marry. This serves to clarify that the purpose of the New York statute is to establish a valid procedural safeguard to false claims of heirship that would be impossible to disprove. This is a valid discharge of the State’s function of establishing an accurate and efficient method of disposing of an intestate decedent’s property rather than an impermissible blanket imposition of a penalty on the child related to the State encouraging its citizens to enter legitimate family relationships. (Lalli v Lalli, supra, (pp 267-271.) In effect, the Illinois statute did no more than impose an unjustified penalty on the child for the sins of the parents. That this is not the *772 case with reference to the over-all provisions of EPTL 4-1.2 was established in the Lalli decisions hereinabove cited.
The two-year limitation contained in EPTL 4-1.2 not only fails to bear a substantial relationship to the State exercising its power to establish legitimate procedural safeguards, but it is not consistent with other New York statutes on the subject. Under subdivision (a) of section 517 of the Family Court Act, the two-year-from-birth limitation upon the institution of a filiation proceeding is extended where the father has acknowledged paternity in writing or has furnished support. Thus, as to inheritance from a father, EPTL 4-1.2 divides illegitimates whose paternity have been established by a filiation order into two classes. One class is those in which the order results from a proceeding begun within two years of birth. The other class includes those in which the proceeding was begun more than two years after birth. This disparity between the rights of the respective groups presents a further constitutional problem. In order for a statute establishing disparate classifications between parties similarly situated to avoid being offensive to the equal protection clause, it must not only involve a State function, but it must be supported by some rational basis (see Lindsley v Natural Carbonic Gas Co., 220 US 61, 78-79; Massachusetts Bd. of Retirement v Murgia, 427 US 307, 313; Usery v Turner Elkhorn Min. Co., 428 US 1; Eisenstadt v Baird, 405 US 438; McDonald v Board of Election, 394 US 802, 809; Barrett v Indiana, 229 US 26; Matter of Dorn "HH” v Lawrence (7I”, 31 NY2d 154, 158).
No rational basis is discernible for a statutory scheme under which an infant can obtain a valid filiation order from a court of compentent jurisdiction in a proceeding commenced more than two years after his birth and this order is valid for all purposes except inheritance from his father, while a similar order in a proceeding commenced prior to two years after birth allows the child to inherit from his father. Such a result is not supported by either public policy or logic, and accordingly, is a denial to people similarly situated of equal protection of the law.
Accordingly, it is determined under the facts here present that the infant ward of the petitioner whose paternal relationship with decedent has been established by a duly rendered order of filiation, has a right to inherit from decedent. Said infant, enjoying this status, the guardian of his property is entitled to receive letters of administration. The application is *773 granted and letters of administration shall issue to petitioner upon her duly qualifying according to law.
While it is not the intent of the court to intrude on the legislative function, in view of the Legislature having countenanced a consistent pattern of judicial decisions enunciating the apparently clear intent of the Legislature in enacting EPTL 4-1.2, and based upon the constitutional infirmity of the "two-year” aspect of the statute, the time is ripe for amendments to the statute which would make its language consistent with subdivision (a) of section 517 of the Family Court Act. Such amendments would assist in facilitating the expeditious and economic administration of the statute by relieving parties in interest of the necessity to resort to clarifying case law when asserting the statutory right of a child born out of wedlock to inherit from his father.