■     SAMUEL ZIPARO, an Infant, by ANTOINETTE CIANNILLI, His Mother and Natural Guardian, Appellant, v HARTWELLS GARAGE et al., Defendants, and ATLAS TRANSPORTATION, INC., Respondent. (Appeal No. 1.)—Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: We do not believe that the jury could have reached its verdict—that of a verdict of no cause for action against a 15-year-old bicyclist who was standing on the shoulder of the road when struck by a tractor trailer—upon any fair interpretation of the evidence *(Mullen v Sibley, Lindsay & Curr Co.,* 71 AD2d 21). We thus conclude that the jury verdict in this case was against the weight of the credible evidence. The uncontradicted proof demonstrated that the driver of the tractor trailer on a clear, bright day came to and stopped at an intersection. At that time the plaintiff was standing on the shoulder of the road waiting for the light to change. Thereafter, the truck driver proceeded to make a right-hand turn and in so doing caused the trailer to strike the standing cyclist and throw him beneath the rear wheels of the trailer where he sustained serious and permanent injuries. The driver's actions violated those provisions of the

Vehicle and Traffic Law which state that a right turn shall be made "as close as practicable to the right hand curb or edge of the roadway" (Vehicle and Traffic Law, § 1160, subd [a]) and provide that "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in [§ 1160, subd (a)] * * * or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with *reasonable safety*" (Vehicle and Traffic Law, § 1163, subd [a]; emphasis supplied). The only testimony before the jury was that the driver of the tractor trailer "cut the corner". The driver was unaware that he had struck the infant plaintiff until he was later stopped by a passerby. The violations of these statutory provisions establish negligence. Further, there is no basis for a finding that plaintiff was contributorily negligent. The plaintiff when struck was standing straddling his bicycle on the gravel shoulder of the highway where he had a legal right to be. No evidence was presented which showed that there was any way in which plaintiff could have avoided the accident. Under these circumstances, there must be a new trial. (Appeal from judgment of Onondaga Supreme Court—negligence.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.