OPINION OF THE COURT
Evans V. Brewster, S.
In this proceeding to compel the administratrix of decedent’s estate to account, petitioner has moved to strike the administratrix’ verified answer alleging that petitioner lacks the required standing under SCPA 2205 to compel an accounting.
The court denied an identical motion (Matter of McLeod, NYLJ, Aug. 8, 1979, p 15, col 2) made by petitioner citing issues of fact regarding paternity which could only be resolved by a hearing. At a hearing held before the court on October 26,1979, petitioner sought to establish her relationship to the decedent by proffering the Family Court file in a paternity proceeding brought by petitioner’s mother, Ethel Hudson. Respondent objected to the receipt of the file in evidence on the ground that the order of filiation concluding *1015 the proceeding named one “Dorsey McLeod” as petitioner’s father and not the decedent “Dossie C. McLeod, Jr.” Petitioner urged that this represented a typographical error and that the record could be reformed. Respondent then renewed her objection upon the further ground that the proper forum to reform the record was the Family Court and moved to have the petition dismissed with prejudice. The court reserved decision on the motion and the hearing was adjourned pending reformation of the Family Court record to correct any typographical errors that may appear therein.
On December 19, 1979, by order of the Honorable Matthew F. Coppola, Justice of the Family Court, the name of respondent in the order of filiation, Docket No. p-89-69, designated as “Dorsey McLeod” was changed to “Dossie McLeod”. Respondent thereafter served and filed a notice of appeal from said Family Court order reforming the record. However, no application staying the enforcement of the order was made. Accordingly, petitioner has renewed her motion to strike respondent’s verified answer.
Although the amended order of filiation establishing petitioner’s status declares the father to be “Dossie McLeod”, the affidavit of petitioner’s mother filed in support of the motion and who would testify at any hearing, states that the decedent “Dossie C. McLeod, Jr.” was the person who appeared in the. paternity proceedings in Family Court and was designated therein as “Dossie McLeod”.
In deciding the motion now before the court consideration must be given to the effect of EPTL 4-1.2 (subd [a], par [2]) as it relates to petitioner’s status as “a person interested” in decedent’s estate.
Petitioner was born on February 3, 1959. More than 10 years later paternity proceedings were commenced in Family Court, Westchester County, by Ethel Hudson on April 1, 1969. The proceeding was concluded with the signing of the afore-mentioned filiation order dated April 1, 1969 and amended on December 19, 1979.
The decedent died on October 19,1977. EPTL 4-1.2 (subd [a], par [2]), the statute governing an illegitimate child’s *1016 intestate right of inheritance from the illegitimate’s father then provided: “An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity in a proceeding instituted during the pregnancy of the mother or within two years from the birth of the child.”* (Emphasis supplied.)
This statutory scheme establishes a two-pronged test to be fulfilled before an illegitimate child can inherit from its father, namely, that there be a filiation order declaring paternity during the lifetime of the father and that the proceeding for such an order be instituted during the mother’s pregnancy or within two years from the birth of the child. While petitioner meets the first of these requirements, she clearly fails to satisfy the second requirement that the proceedings be initiated during the mother’s pregnancy or within two years of the child’s birth.
The issue to be decided is whether the failure to initiate paternity proceedings within the statutorily prescribed period bars an illegitimate child from inheriting from its father, notwithstanding the existence of a duly entered order of filiation declaring paternity.
For reasons discussed below, this court concludes that the failure to institute paternity proceedings within two years of petitioner’s birth does not deprive petitioner of her right to inherit from her father, the decedent herein.
The resolution of this issue necessarily involves a consideration of the constitutionality of EPTL 4-1.2 (subd [a], par [2]) which requires that filiation proceedings be initiated during the mother’s pregnancy or within two years of the birth of the child. While both the United States Supreme Court and the Court of Appeals of this State have generally affirmed the constitutionality of EPTL 4-1.2 (subd [a], par [2]) as it relates to the requirement of an order of filiation during the lifetime of the father (Lalli v Lalli, 439 US 259, affg Matter of Lalli, 43 NY2d 65) *1017 neither court addressed itself to the issue presented. Indeed, the Supreme Court of the United States and the New York Court of Appeals, both when the case was initially decided and on remand from the United States Supreme Court, specifically noted that they were passing upon the constitutionality of EPTL 4-1.2 to the extent it required a filiation order during the father’s lifetime and that they were not passing upon the constitutionality of the two-year limitation contained therein. (Lalli v Lalli, supra, pp 265-268, n 5; Matter of Lalli, supra, p 68, n 1; Matter of Lalli, 38 NY2d 77, 80; see, also, Matter of Fay, 44 NY2d 137; Matter of Harris, 98 Misc 2d 766.)
The courts of this State, in effectuating the stated legislative purpose of granting to illegitimates rights of inheritance “on a par with those enjoyed by legitimate children while protecting innocent adults and those rightfully interested in their estates from fraudulent claims of heirship” (Fourth Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates, NY Legis Doc, 1965, No. 19, p 199) have followed a consistent pattern of allowing an illegitimate, whose relationship to his father has been established by a filiation order, to inherit from the father. This is so regardless of the length of time between the child’s birth and the date the filiation order was entered. The only requirement under these decisions has been that the filiation order be entered during the father’s lifetime. (Matter of Harris, supra, p 769, and cases cited therein.)
In view of the liberality with which EPTL 4-1.2 has been construed in the past and in light of the above-stated legislative purpose, a literal and unyielding application of the two-year limitation, or any time limitation for that matter, would frustrate rather than further the original legislative intent to grant to illegitimates rights to inheritance “on a par with those enjoyed by legitimate children”.
Furthermore, it appears clear that strict adherence to the two-year limitation then stated in EPTL 4-1.2 would offend the equal protection clause of the Fourteenth Amendment of the United States Constitution.
“Nothing contained in the subsequent decisions of the *1018 United States Supreme Court or the New York Court of Appeals in the Lalli case in any way impugns the validity of this view as to the unconstitutionality of the two-year [now 10-year] portion of EPTL 4-1.2.” (Matter of Harris, supra, p 771; Matter of Angelis, 97 Misc 2d 1; see, also, Matter of Perez, 69 Misc 2d 538, 543.)
While States have given wide latitude in the exercise of their sovereign powers in matters relating to inheritance, the Constitution of the United States does not leave their authority unfettered (Trimble v Gordon, 430 US 762). Legislative enactments in this area must bear substantial relation to a permissible State interest in order to withstand a constitutional challenge (Lalli v Lalli, 439 US 259, supra). The espoused legislative purpose of EPTL 4-1.2 of establishing a valid procedural safeguard against false claims of heirship is a valid discharge of the State’s function of effectuating an accurate and efficient method of disposing of intestate property. The requirement that an order of filiation declaring paternity be entered during the father’s lifetime is consistent with this purpose and, unlike the Illinois statute considered in Trimble which placed exceptional burdens on illegitimates, is constitutionally valid. (Lalli v Lalli, supra, pp 267-271.) However, it is equally clear that the requirement that filiation proceedings be initiated within two years (or even 10 years) after birth does not further the enunciated legislative purpose.
Such a time requirement is closely akin to the requirement that the illegitimate’s parents marry which was struck down in Trimble as it only serves to place an “exceptional burden on illegitimate children” without furthering a valid State objective. (Lalli v Lalli, supra, p 266.)
Although courts generally give literal effect to unambiguous statutory language (Metzer v Koenigsberg, 302 NY 523, 525; Lawrence Constr. Corp. v State of New York, 293 NY 634) an overriding cardinal rule is that in applying statutes, the court must effectuate the underlying purpose and intent of the legislation. Thus, the courts have latitude in not blindly adhering to the literal language of the statute where such language fails to express the clear overriding legislative purpose. (Abood v Hospital Ambulance Serv., 30 NY 2d 295, 298, and cases cited therein.)
*1019 Under the facts presented, the court finds that petitioner, whose paternal relationship to decedent has been established by a duly rendered order of filiation, is a person entitled to inherit from decedent. Accordingly, she is a person interested in decedent’s estate within the meaning of SCPA 2205 and may maintain the instant proceeding.
Petitioner’s motion to strike respondent’s answer is granted and respondent is directed to file her account of proceedings within 30 days from the date of service upon her of a copy of the order to be made herein. Respondent’s motion to dismiss the petition herein is denied.

 EPTL 4-1.2 (subd [a], par [2]) was amended effective May 29, 1979 (L 1979, ch 139, § 1) to extend the time within which the filiation proceedings must be commenced from two years after birth to 10 years after birth of the child.