■ Floyd W. Mailler et al., Appellants, v Donald F. Mayer et al., Respondents. — Order unanimously reversed, with costs, and motion for a new trial granted. Memorandum: We do not believe that the jury could have reached its verdict of no cause for action in this personal injury action arising from a rear-end collision upon any fair interpretation of the evidence (see *Ziparo v Hartwells Garage,* 75 AD2d 997). The verdict, therefore, was against the weight of the credible evidence and there must be a new trial. Plaintiff, Floyd Mailler, was injured when the car he was driving was struck in the rear by a car owned by defendant, Donald Mayer, and operated by Karl Mayer. The uncontradicted evidence is that plaintiff was stopped in an inside lane of traffic behind cars which were waiting to make a left-hand turn. There is neither evidence nor claim of a sudden stop by plaintiff or of any other conduct on his part which could constitute contributory negligence. Defendant's own testimony is that he was operating his automobile at a speed of 20 miles per hour behind plaintiff's car, that he took his eyes off the traffic in front of him and looked over his right shoulder to see if the lane on his right was clear so that he could drive around plaintiff's car on the right. When his passenger yelled "Look out" he turned around and observed that plaintiff's car had stopped. He applied his brakes but ran into the car. This evidence which is not contradicted establishes that defendant was negligent. On the retrial, in charging section 1129 of the Vehicle and Traffic Law, the court should inform the jury that the

rule of conduct is prescribed by a specific section of the Vehicle and Traffic Law and that if the jury finds that the defendant violated the section, such conduct constitutes negligence (see *Martin v Herzog,* 228 NY 164; 1 NY PJI2d 2:26). (Appeal from order of Supreme Court, Erie County, Kramer, J. — automobile negligence — motion for new trial.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schenpp, JJ.