■ Joseph Christie et al., Appellants-Respondents, v State of New York, Respondent-Appellant. (Claim No. 68846.)— Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court erred in finding claimant Joseph Christie contributorily negligent. In our view, the evidence does not support a finding that claimant operated his vehicle so closely behind the tractor trailer which struck the overhead bridge that it constituted an unreasonable and improvident operation of the vehicle (see, Vehicle and Traffic Law § 1129 [a]; Mailler v Mayer, 89 AD2d 784; cf., Pellicano v Lee, 89 AD2d 995). Neither is there evidence to support a finding that claimant violated the regulations requiring a special permit vehicle to be driven in the right-hand lane (see, 17 NYCRR 154-1.8 [g] [1]). Claimant was free from negligence that contributed to the happening of the accident that caused his injuries. The accident occurred when the special permit tractor trailer struck the underside of the bridge, dislodging a part of the equipment that secured the load on the tractor trailer. A part of the dislodged equipment struck claimant's vehicle then being operated approximately 120 to 130 feet to the rear of the tractor trailer. Consequently, that portion of the judgment assessing claimant's culpability at 40% must be deleted. We reject the State's argument that its failure to post the clearance at the Mud Hill bridge, the site of the accident, was not a proximate cause of the accident (see, Vehicle and Traffic Law § 1621 [c]; Koester v State of New York, 90 AD2d 357, 362). (Appeals from judgment of Court of Claims, Lowery, J.— negligence.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.