OPINION OF THE COURT
James C. Harberson, J.
Robert Gorman was issued a ticket for a violation of Vehicle and Traffic Law § 1120 (a) (failure to keep right) on November *212 11, 2002 based on how he turned into his private driveway from Bowers Avenue in the City of Watertown. The issue presented here is whether the conduct of Mr. Gorman violated that section of the Vehicle and Traffic Law.
Vehicle and Traffic Law § 1120 is entitled “Drive on the right side of roadway; exceptions.” Subdivision (a) states, “Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway,” and goes on to list various exceptions dealing with “overtaking and passing” (para [1]) other vehicles, pedestrians, animals or obstructions “on the right half of the roadway” (para [2]) in which case if “it [is] necessary to drive to the left of the center of the highway” (para [3]) such movement from the “right half of the roadway” is permitted.
The undisputed evidence on which the ticket is based shows that as Mr. Gorman traveled down Bowers Avenue, he moved from the right half of that roadway “left of the center of the highway” into the opposite lane of travel, slowed down and then turned right from that position back across the roadway into his private driveway.
The defense raised by Mr. Gorman was that a telephone pole located immediately to the left of his driveway entrance necessitated moving from the right half of the roadway across the center of the highway to enable him to reach a position to turn his vehicle right into his driveway without striking the telephone pole upon entry.
Vehicle and Traffic Law § 1120 (a) states that a vehicle traveling along a highway must be driven “upon the right half of the roadway” except when leaving that side to avoid a hazard or pass an obstacle after which the driver must resume a position back in the right half of the roadway as he continues on a “direct course” (Vehicle and Traffic Law § 1163 [a]) to a particular destination.
If Mr. Gorman’s conduct is a proper basis for the court to make a finding of a violation of Vehicle and Traffic Law § 1120 (a) as argued by the People then a right-hand turn at an intersection (Vehicle and Traffic Law § 1160 [a]) or at a private driveway (Vehicle and Traffic Law § 1166 [a]) that could not be made while remaining within the right half of the roadway would be prohibited because none of the exceptions allowing movement outside the right half of the roadway listed at Vehicle and Traffic Law § 1120 (a) included such right-hand turns.
The question, then, is whether a motorist can execute such a maneuver as Mr. Gorman’s right-hand turn into his driveway *213 without violating Vehicle and Traffic Law § 1120 (a). In order to ascertain the answer a review of the Vehicle and Traffic Law in general and, in particular, those sections dealing with the conduct at issue in this case guided by the rules of statutory construction is required including a review of the statutory history of Vehicle and Traffic Law § 1120 (a) and § 1166 (a).
Statutory Construction
The Court stated in People v Kates (77 AD2d 417 [4th Dept]) that “it is true that all parts of a statute must be read and construed together to ascertain the legislative intent” (id. at 418); and a statute “must be given a reasonable interpretation so as to accomplish its purpose [so] [w]hen the literal language of the statute does not express the manifest intent and purpose it need not be adhered to” and “to effect the intention of the Legislature, the words of a single provision may be enlarged or restrained in their meaning and operation; and language general in expression may be subjected to exceptions through implication (Abood v. Hospital Ambulance Serv., 30 N Y 2d 295).” (Fan v Buzzitta, 42 AD2d 40, 43; see also, Matter of McLeod, 105 Misc 2d 1012, 1016 [where the court noted the “overriding cardinal rule * * * in applying statutes (is that) the court must effectuate the underlying purpose and intent of the legislation” and to “not blindly (adhere) to the literal language * * * where such * * * fails to express the clear overriding legislative purpose”], citing Abood, supra.)
In Cunningham v Frucher (110 Misc 2d 458), the court citing McKinney’s Consolidated Laws of NY, Book 1, Statutes § 97 said that “a statute * * * is to be construed as a whole * * * [reading] all parts of an act * * * together to determine legislative intent [thus taking] the entire act into consideration and [reading] all sections of the law * * * together to determine its fair meaning.” (Id. at 463.) The Cunningham court added, citing Statutes § 130, that “it is immaterial in such construction that the statute is divided into sections, chapters or titles” because “all sections of the law must be read together * * * as if they were all in the same section.” (Id. at 463.)
In People v Harris Corp. (123 Misc 2d 989), the court said, “[C]ourts are * * * expected to reject a [statutory] construction which would make a statute absurd ([Statutes] § 145, p 294).” (Id. at 995.)
Vehicle and Traffic Law § 1166, as indicated in the legislative memorandum (infra), was “patterned after * * * section 1160” and such a “kindred” relationship puts them in pari ma *214 teria (Statutes § 221). For this reason the case of Ziparo v Hartwells Garage (75 AD2d 997 [4th Dept]), dealing with Vehicle and Traffic Law § 1160 (a), provides guidance for interpretation of Vehicle and Traffic Law § 1166 (a).
Vehicle and Traffic Law § 1166
Vehicle and Traffic Law § 1166 deals with the “[Required position for turning at * * * driveway * * * off the roadway.” The law states that “[t]he driver of a vehicle intending to turn from a roadway into * * * [a] driveway * * * shall approach the turn as follows: (a) Right turns: The approach for a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.”
In the Bill Jacket for this law (L 1966, ch 228, § 2) the memorandum prepared for the Assembly stated, in part, that it was “to provide that a driver intending to turn at * * * [a] driveway * * * off the roadway should approach the turn with his vehicle on a specified portion of the roadway” and the memorandum went on to state, “This bill [was] patterned after * * * Section 1160 [turns at intersections],” applying for safety reasons the same requirements “to drivers who are to turn at a place other than an intersection.” The memorandum concluded, “This bill would, for example, prohibit the hazardous practice of making wide turns into driveways.” (See also, Counsel for Department of Motor Vehicles [DMV] letter of Mar. 24, 1966, Bill Jacket.)
A letter dated March 30, 1966 from the New York State Conference of Mayors opposed the bill because “The * * * bill failed to take into consideration the fact that modern cars are of such length that it is impossible to turn into a driveway from a roadway when in the extreme right hand lane of some roads.” The letter goes on to acknowledge that while “[t]he drafter may have tried to anticipate this objection to the bill by stating, in effect, that right hand turns should be made from a position as close as practical [the statute uses ‘practicable’] to the right hand curb or edge of the roadway [, that phrase] is [too] vague for a * * * penal statute” as it certainly doesn’t help the “enforcing officer [or] * * * the driver [to] * * * clearly * * * understand the law which governs [motorists’] conduct on the highway.” (Bill Jacket.)
Vehicle and Traffic Law § 1120 (a)
The legislative history of Vehicle and Traffic Law § 1120 (a), found at title VII, “Rules of the Road,” is derived from former section 286 of the Highway Law (L 1910, ch 374). That section, *215 entitled “Rules of the Road,” stated where a motorist should drive upon the highway when meeting or overtaking “horses,” “draft animals” or “other vehicle” and that a motorist “shall, at the intersection of public highways, keep to the right of the intersection of the centers of such highways when turning to the right and pass to the right of such intersection when turning to the left.” (§ 286 [3].) In 1929 the Highway Law was repealed (L 1929, ch 54) and this section was incorporated into Vehicle and Traffic Law former § 81 (5) and (26) in 1929 (now § 1120 [a]).
Decision
The court finds that if it accepts the People’s argument that no right-hand turn may be made outside the right-hand side of the roadway without violating Vehicle and Traffic Law § 1120 (a) it would be adopting “a statutory construction which results ‘in the nullification of one part [of the statute (§ 1160 [a] and § 1166 [a])] by another [§ 1120 (a)] [which] is not permissible.’ ” (People v Kates, supra at 418.) This court, as in People v Harris, “rejects such [statutory] construction which [would] make a statute absurd ([Statutes] § 145).” (Id. at 995.)
The court finds that Vehicle and Traffic Law § 1120 (a) applies only to the operation of a motor vehicle as it continues on a “direct course” to the point where a motorist intends to make a right-hand turn at an intersection or private driveway. By thus “restrain! [ng the words of this provision] in their meaning and operation” {Fan at 43) a right-hand turn which may necessitate moving to the left outside the right half of a roadway to safely enter a private driveway curb cut without “cut [ting] the corner” (Ziparo, supra at 998) or otherwise striking the left- or right-hand curb, not to mention a telephone pole or hydrant located next to either side of the entrance, can be made as prescribed by Vehicle and Traffic Law § 1166 (a) “as close as practicable to the right-hand curb” even if that point is located outside the right lane “left of the center of the highway.”
In this way Vehicle and Traffic Law § 1120 (a) and § 1166 (a) can all be read together as part of the Vehicle and Traffic Law and be given “a reasonable interpretation” to achieve the manifest intent of the Legislature {Fan) enabling these sections to operate harmoniously rather than in conflict (Statutes § 98 [b]).
Conclusion
Vehicle and Traffic Law § 1120 (a) and § 1166 (a) describe the position on a highway where a motor vehicle should be *216 located. Each defines a different position relating to whether the intent of a motorist is to travel down the road or to make a right-hand turn into a driveway.
In 1966 Vehicle and Traffic Law § 1166 (a) was enacted to deal with right-hand turns into private driveways to impose the requirements of Vehicle and Traffic Law § 1160 (a) dealing with right-hand turns at intersections “for safety” reasons by prohibiting “the hazardous practice of making wide turns into driveways” according to the DMV counsel’s letter of March 24, 1966 urging passage of this new section. Such a recommendation by the DMV counsel and subsequent approval of the law would have been unnecessary if Vehicle and Traffic Law § 1120 (a) applied to such turns from the public highway into a driveway.
The court finds, then, that for the reasons given the People have charged Mr. Gorman under the wrong section of the Vehicle and Traffic Law (§ 1120 [a]) based on the facts in the record as the testimony clearly shows that the defendant was executing a right-hand turn into a private driveway which is conduct prescribed by Vehicle and Traffic Law § 1166 (a) at the time of the allegations and not continuing on a “direct course” down the street in the right-hand lane covered by Vehicle and Traffic Law § 1120 (a). The court finds that the People have failed to prove their case beyond a reasonable doubt and the charge is dismissed.