OPINION OF THE COURT
James C. Harberson, J.
*309 The defendant has been charged with a violation of article 37, § 1814 (a) (1) of the Tax Law: “Attempt to evade or defeat tax.”
The accusatory instrument alleges that the defendant on March 19, 2003 at 440 S. Massey Street in the City of Water-town, New York, violated this statute “by possessing 45 cartons of untaxed cigarettes and 30 cans of untaxed chewing tobacco on which the New York excise tax had not been paid.” The accusatory instrument also makes reference to the statement of the defendant, Jeannie Cousins and Edward Claflin who are codefendants.
The defendant in his supporting deposition admitted allowing Cousins to use his credit card to order cigarettes from an Internet site which included some cigarettes for the defendant. This conduct occurred about once a month over a three-month period. The defendant said he asked Cousins to reduce the size of the order because he “[H]eard that some people had been getting arrested for having to[o] many untaxed cigarettes. I ordered four cartons this time.”
Edward Claflin stated in his supporting deposition that Cousins purchased untaxed cigarettes from Acorn Tobacco Co. near Rochester, New York, which were delivered by U.ES. to her home using Leo Tracy’s credit card. She took orders from Claflin and Tracy among others.
Jeannie Cousins stated in her supporting deposition that about three months ago (Mar. 19, 2003) she ordered cigarettes from the Acorn Smoke Shop in Irving, New York, over the phone using Leo Tracy’s credit card. They were shipped to her and Leo Tracy would “come over and pick them up” — his share of the order. She said at no time did anyone at Acorn Smoke Shop ever advise her that “possessing untaxed cigarettes was a crime.”
The prosecution also filed a record prepared by the New York State Office of Tax Enforcement with a report narrative which read: “also arrested . . . Leo F. Tracy . . . arrested for Attempt to Evade and Defeat Tax, 1814 (a)-(l) because he paid for the product.”
A copy of the invoice of Acorn showed that the untaxed cigarettes seized at Cousins’ home were billed to Leo Tracy and shipped to Cousins’ home address.
*310 Issues
The defense moves for dismissal of the accusatory instrument because of a failure to allege the defendant “actually took any action to evade a tax” but rather “[m]erely that he possessed untaxed cigarettes.” The defense further argues that the accusatory instrument fails to allege the defendant did not pay taxes on the cigarettes or file a tax return.
The prosecution opposes the defense argument on the grounds that the accusatory instrument when read together with the supporting depositions and other evidence provide sufficient reasonable cause to believe the defendant violated section 1814 (a) (1) and each element thereof is established as required by CPL 100.40 (1) (a), (b) and (c).
Law
Article 20 of the Tax Law imposes a tax on cigarettes acquired or used in the state (§§ 471, 471-a) as well as on tobacco products (§§ 471-b, 471-c).
Section 471 (1) and section 471-b (1) both use identical wording to the effect that “no tax shall be imposed on cigarettes [tobacco products] sold under such circumstances that this state is without power to impose such tax or sold to the United States or sold to or by a voluntary unincorporated organization of the armed forces of the United States operating a place for the sale of goods . . . .”
Sections 471-a and 471-c use identical wording imposing a use tax on cigarettes or tobacco products “used in the state by any person, except that no tax shall be imposed (1) if the tax provided in section [471 or 471-b] is paid, (2) on the use of cigarettes which are exempt from tax imposed by said section [s], or (3) on the use of four hundred or less cigarettes, brought into the state on, or in the possession of, any person.” These sections provide that “[w]ithin twenty-four hours after liability for the tax accrues, each person shall file with the commissioner a return in such form as the commissioner may prescribe together with a remittance of the tax shown to be due thereon.”
Sections 471-a and 471-c conclude by stating that “[a]ll other provisions of this article if not inconsistent shall apply to the administration and enforcement of the tax imposed by this section in the same manner as if the language of said provisions had been incorporated in full into this section.”
This means that incorporated by reference into sections 471-a and 471-c is the wording found at both section 471 (1) and sec *311 tion 471-b (1) that “[i]t shall be presumed that all cigarettes [tobacco products] within the state are subject to tax until the contrary is established, and the burden of proof that any cigarettes [tobacco products] are not taxable hereunder shall be upon the person in possession thereof.”
Tax Law § 1814 (a) states: “(a) Attempt to evade or defeat tax. (1) Any person who willfully attempts in any manner to evade or defeat any tax imposed by article twenty of this chapter [Tax Law § 470 et seq.] or the payment thereof shall, in addition to other penalties provided by law, be guilty of a misdemeanor.”
In Matter of New York Assn. of Convenience Stores v Urbach (169 Misc 2d 906 [1996]), the court commented concerning section 471 (1) of the Tax Law:
“[T]hese taxes are paid by the purchase of stamps which are affixed to the cigarette package as a prerequisite to the first taxable sale by a wholesaler or distributor ... [A] tax is then added to the selling price of the cigarettes along the distribution chain and is ultimately added to the retail price charged to the retail customer.” {Id. at 909.)
The court after noting that Indian retailers selling cigarettes on their reservation have no obligation to collect cigarette taxes imposed by section 471 (1) concluded that “[n]on-Indian purchasers of cigarettes from on-reservation Indian retailers are required to pay the excise and sales taxes.” {Id. at 909.)
CPL 100.40 (1) (a), (b) and (c) defines what an accusatory instrument must contain in order to be facially sufficient. In People v Alejandro (70 NY2d 133 [1987]), the Court stated: “We conclude than an information which fails to contain nonhearsay allegations establishing ‘if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]) is fatally defective.” {Id. at 136.) The Court said “an ‘information’ (charging a misdemeanor or petty offense) must demonstrate both ‘reasonable cause’ and a ‘legally sufficient’ or prima facie case {id. [1-b, c]) — a much more demanding standard.” {Id. at 139.)
The question is whether this accusatory instrument has the requisite “non-hearsay allegations [in] the factual part of the information [that] establish if true, every element of the offense charged and the defendant’s commission thereof.”
Decision
Article 20, §§ 471 and 471-b define how cigarettes and tobacco products are taxed and then marked with stamps so that at the *312 time of sale to a consumer all these cumulative taxes “added . . . along the distribution chain [are] ultimately added to the retail price [and] charged to the retail customer” (New York Assn. of Convenience Stores v Urbach, supra at 909).
Article 20, § 471 (1) and § 471-b (1) stated that no tax shall be imposed “under such circumstances that this state is without power to impose such tax.” These “circumstances” refer to sales on Indian reservations as explained in Matter of New York Assn. of Convenience Stores v Urbach (275 AD2d 520 [2000], revd 92 NY2d 204 [1998]), which state in effect that since the State cannot reach an agreement with Indians to collect the taxes on their sales, the State is left with collecting them from non-Indian purchasers directly.
Article 20, §§ 471-a and 471-c impose a use tax on cigarettes and tobacco products for which the taxes under section 471 or section 471-b have not been paid. The use tax must be paid to the commissioner “in such form as the commissioner may prescribe together with a remittance of the tax shown to be due thereon” (§§ 471-a, 471-c).
The word “use” is defined by identical language in both sections 471-a and 471-c: “[f]or purposes of this article, the word ‘use’ means the exercise of any right or power actual or constructive and shall include but is not limited to the receipt, storage or any keeping or retention for any length of time, but shall not include possession for sale.”
Also, both sections state “[a]ll other provisions of this article if not inconsistent shall apply to the administration and enforcement of the tax imposed by this section in the same manner as if the language of said provisions had been incorporated in full into this section.”
The court finds that Indians can sell cigarettes or tobacco products to Indians and non-Indian customers without collecting the taxes due upon such at the time of the sale. Non-Indians who obtain such nontaxed cigarettes or tobacco products are responsible to pay a “use” tax within 24 hours of gaining “use” of them in New York State outside of Indian lands as that term is defined in sections 471-a and 471-c.
While the possession, then, of untaxed tobacco products or cigarettes creates a presumption state taxes are due “until the contrary is established” (§ 471 [1]; § 471-b [1]) because the law also recognizes one who obtains untaxed products has “twenty-four hours after liability for the tax accrues” to pay the use tax *313 (§§ 471-a, 471-c), until that time period (24-hour window) has passed a person may possess untaxed cigarettes or tobacco products without violating the statute so long as there is compliance with the filing of the required reports with “remittance of the tax shown to be due thereon” (§§ 471-a, 471-c) before the end of the 24-hour period with the commissioner.
In this case the defendant allowed his credit card to be used to order cigarettes and tobacco products from an Indian retailer to be delivered by U.ES. to an address of a relative. He expected to acquire four cartons of cigarettes from this shipment.
The accusatory instrument states that on “the 19th day of March 2003, at 440 South Massey Street . . . [the defendant] did willfully attempt in any manner to evade or defeat the excise tax imposed by Article 20 of this Chapter by possessing . . . untaxed cigarettes and . . . untaxed chewing tobacco on which the New York State excise tax had not been paid . . .
The defendant in his statement said he allowed his niece to use his credit card to order cigarettes over the Internet so he had her order some for him as well. He said he advised her not to order so many because “some people had been getting arrested for having to[o] many untaxed cigarettes.” “I ordered about four cartons this time” (see statement of Leo Tracy, dated Mar. 19, 2003).
The investigator in a note affixed to his report said: “[a]Iso arrested in this case was Leo F. Tracy . . . EO. box 902 . . . for attempt to evade and defeat tax ... a search warrant was executed on 9/19/03 at the above residence [after] a delivery of. . . untaxed cigarettes and . . . chewing tobacco had been made just prior to executing the search warrant. He was charged under Tax Law Section 1814 (a) (1).” Section 1814 (a) (1) states: “(a) Attempt to evade or defeat tax. (1) Any person who willfully attempts in any manner to evade or defeat any tax imposed by article twenty of this chapter [Tax Law § 470 et seq.] or the payment thereof shall ... be guilty of a misdemeanor.”
There is no factual allegation in the accusatory instrument nor “any supporting depositions” or business records (an exception to hearsay rule) that the 24-hour period during which the defendant could have paid the use tax on these tobacco products or cigarettes as provided at sections 471-a and 471-c had passed before these items were seized at 440 S. Massey Street assuming the moment of delivery started the 24-hour countdown clock.
If the products were seized before that time period had expired, then at that point no law had been violated. If the *314 products were seized after that time period had passed, then there would have been a violation of the use tax payment requirements as set out at sections 471-a and 471-c.
The presumption that untaxed cigarettes and tobacco products “are subject to the tax” until the person in possession of them proves otherwise (§ 471 [1]; § 471-b [1]) is (delayed) inapplicable during the 24-hour period within which a use tax is allowed to be paid by the consumer under sections 471-a and 471-c. This is because the law allows possession of untaxed cigarettes and tobacco products that are “subject to the tax” for a 24-hour period before it is due especially when, as in this case, the state agents have personal knowledge of when that period commenced.
This conclusion allows these various sections of the statute to operate “harmoniously rather than in conflict (Statutes § 98 [b])” (People v Gorman, 195 Misc 2d 211, 215 [2003]) and reject a statutory construction which would avoid the absurdity (McKinney’s Cons Laws of NY, Book 1, Statutes § 145; id. at 213) of allowing a person to pay a use tax within a stated 24-hour period while allowing possession of the untaxed products during that time as well as to be basis of a presumption that taxes that are not yet due have not been paid before they are due.
This construction also prevents state agents from basing any invasion of a person’s legitimate expectation of privacy when in possession of untaxed cigarettes or tobacco products based on the presumption that the tax is due to justify their approach of a citizen within the 24-hour period after receipt of which, when they have personal knowledge of the commencement thereof before that period of time has expired (see, People v De Bour, 40 NY2d 210 [1976]; People v Hollman, 79 NY2d 181 [1992]).
The accusatory instrument alleging that the defendant had violated section 1814 (a) (1) failed to contain a “non-hearsay allegation establishing [an] element of the offense charged,” to wit: that from the time the use of these products began to “accrue” 24 hours had passed before their seizure by the authorities. For this reason the court finds that the People have failed to provide a factual allegation in the information that the 24-hour time period had expired during which the defendant could pay the State use tax to avoid criminal liability under section 1814 (a) (1) of the Tax Law.
The charge is dismissed.